STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
sjaffe@lawhjc.com
ASHLIE L. SURUR, ESQ.
Nevada Bar No. 11290
asurur@lawhjc.com

HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorney for Defendant*
*Lowe's Home Centers, LLC*

**UNITED STAES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MAURICE MOREHEAD, AND SHERYL MOREHEAD,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, DOES I THROUGH 20; AND ROE BUSINESS ENTITIES 1-20, INCLUSIVE,<br><br>Defendants. | Case No.: 2:18-cv-01074-RFB-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br>**(6th Request)** |

Pursuant to Fed R. Civ. P. 6, Fed. R. Civ. P. 26, LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-4, the parties stipulate and agree that there is good cause to extend the discovery deadlines in the operative discovery plan [ECF No. 26], as set forth below.

**1. Pursuant to LR 26-4(a), the parties stipulate that the following discovery was completed:**

- The parties served initial and supplemental disclosures pursuant to Rule 26(a)(1).
- Lowe's Home Centers, LLC ("Lowes") responded to written discovery served by Plaintiffs.
- Plaintiff Maurice Morehead responded to written discovery served by Lowes.
- Lowes served about 66 subpoenas to obtain records from Mr. Morehead's prior and

1

current medical providers and his prior employers.

- Maurice Morehead underwent a Rule 35 examination with a neuropsychologist and a neurosurgeon.
- The parties designated initial and rebuttal experts.
- Plaintiffs completed the depositions of Charlotte Leslie, Stacie Ford, Michael White, Alnisha Grimes/Bloyer
- Lowes completed the depositions of Maurice Morehead, Sheryl Morehead, Dr. Gregory Douds, Dr. Craig T. Tingey, Dr. Daniel Kokmeyer, Stuart Kaplan
- Lowes started but was unable to complete the deposition of Jeffrey Gross

2. **Pursuant to LR 26-4(b), the parties stipulate that they need to complete the following discovery:**
   - Lowes needs to complete the depositions of Maurice Morehead's retained and non-retained treating experts, including
     - Jeffrey Gross, M.D. (finish the deposition that was started)
     - Eric Biesbroeck, M.D. – scheduled for August 10, 2020
     - Enrico Fazzini, D.O. – scheduled for August 21, 2020 by remote means
     - Avaraham Schweiger, Ph.D. – not available until September 10, October 1, October 8
     - Shawn Lustig
   - Additional discovery as needed if new information is revealed in these remaining depositions
   - Any other discovery permitted by the Federal Rules of Civil Procedure, the stipulation of the parties, or the order of the court

3. **Pursuant to LR 26-4(c), the parties stipulate an extension is needed for the following reasons:**

   This is a personal injury action in which Plaintiff Maurice Morehead is claiming over $400,000 in past medical specials and over $1.1 million in future medical expenses (present value). Mr. Morehead claims injuries to his hand, knee, cervical spine, lumbar spine, head,

2

and brain. He has undergone surgeries on the hand, knee, and lumbar spine and claims permanent cognitive deficits. The parties have completed a substantial amount of discovery to date.

On April 14, 2020, the parties obtained an order extending discovery to complete remaining, critical expert depositions. ECF No. 28. The extension was obtained because of the impact of the coronavirus pandemic on this discovery. The stipulation and order filed in April 2020 outlines specific problems encountered for these experts. Unfortunately and despite best efforts, the parties were unable to complete these depositions before July 31, 2020 for varying reasons stemming from the coronavirus outbreak. These issues are summarized here.

Eric Biesbroeck, M.D was served with a deposition subpoena, which prompted him to retain an attorney for purposes of the deposition. Defendant's counsel was actively communicating with the doctor's attorney from February through March about potential depositions dates. Defendant's counsel was then unable to reach the doctor's attorney and learned that she was temporarily out of the office because of close family members directly affected by Covid-19. Defendant's counsel was able to reestablish contact upon her return to the office in July 2020. By then, however, the soonest the witness and counsel were available for deposition was August 10, 2020.

Dr. Gross's deposition was started on July 22, 2020. The parties considered conducting this deposition by remote means but given the nature and scope of this retained expert's testimony, Defendant needed to conduct the deposition in person. Dr. Gross is Plaintiff's specially retained expert who is opining on future spinal surgeries and a life care plan exceeded $1 million. Though not issued by or applicable in this court, Clark County Nevada courts suspended in person depositions from March 20, 2020 through July 1, 2020. *See* Administrative Order 20-17, available at http://www.clarkcountycourts.us/general/court-rules-and-administrative-orders/#Administrative%20Orders. Many witnesses in Las Vegas, like Dr. Kaplan and Dr. Gross, agreed to participate in person after July 1, 2020 so the deposition was scheduled for July 22, 2020. Dr. Kaplan (whose deposition was completed) and Dr. Gross needed to be deposed in person to the extent practicable because of the importance and

1 breadth of their treatment and opinions. Defendant therefore scheduled these depositions for
2 after July 1 in accordance with the witness's agreements to appear in person after that date.
3 Dr. Gross's deposition was planned for 2 hours but was unable to be completed in that period.
4 The parties agree that Dr. Gross's deposition should be completed, but this witness and
5 counsel are not available to complete it until September 24 or 25, 2020.

6       Shawn Lustig is an EMT in Henderson, Nevada. Defendant's counsel has been in
7 contact with the Henderson City attorney about arranging a date and time for this deposition,
8 which is being sought through a deposition subpoena. The Henderson City attorney agreed to
9 make arrangements for service of the deposition subpoena on Mr. Lustig at an agreed upon
10 place, date and time. We are still working with the Henderson City attorney and expect to
11 have a deposition dates secured for August or September 2020.

12       Enrico Fazzini, D.O. (a neurologist) and Avaraham Schweiger, Ph.D. ( a
13 neuropsychologist) are in New York, New York. These treating physician experts have been
14 disclosed as medical experts for Plaintiff's traumatic brain injury claim. Given the nature of
15 scope of these witnesses' role, Defendant preferred to take these depositions in person in New
16 York. Defendant briefly delayed obtaining new deposition dates as restrictions in certain
17 places started to ease with the plan to schedule these depositions in person. But when it started
18 to become more evident restrictions were being lifted at a slower pace or reimplemented,
19 Defendant agreed that Dr. Fazzini could be deposed by remote means. But Dr. Fazzini was not
20 available until August 21, 2020. Given the scope and nature of his opinions and testimony, the
21 file materials and expected deposition exhibits associated with the neuropsychological testing,
22 and also because (unlike with Dr. Fazzini) Defendant has never deposed Dr. Schweiger
23 before, Defendant needs to take Dr. Schweiger's deposition in person. His deposition also
24 needs to take place after Dr. Fazzini's deposition. Dr. Schweiger will not agree to an in person
25 deposition until restrictions in New York are lifted. He will agree to a remote deposition while
26 restrictions remain in place and provided us with deposition dates in September and October
27 2020 as he is only available on Thursdays for deposition.
28       This constitutes good cause to extend the discovery deadlines. Since the last extension,

1 Defendant completed the deposition of a Las Vegas based expert and started (but did not
2 finish) the deposition of another expert in Las Vegas. The other two Las Vegas based
3 witnesses were not able to be deposed because of pandemic-related problems, including the
4 witnesses' attorney's extended unavailability because of family members affected by the
5 virus. Completing the New York based expert witnesses' depositions also became impossible
6 due to the witnesses' very limited availability (including availability only after July 31) and
7 the changing nature of restrictions in Nevada and New York.

The parties can also demonstrate excusable neglect for the timing of this submission. While aware of the need to extend discovery to complete several of these depositions due to the unavailability of these witnesses until August , September, or October 2020, the parties delayed submitting this stipulation until firm dates could be obtained (and to the extent firm dates have been obtained). Dr. Gross's deposition was started on July 22, 2020 and the parties have been working to obtain a date for his continued deposition since then. They obtained a date for the continued deposition today and proceeded to finalize this stipulation. The parties reasonably delayed in submitting this stipulation in part because they wanted to provide the court a realistic time frame for completion of these depositions and were unable to calculate new deadlines until they obtained dates from all outstanding witnesses; and in part because they were not aware of the need to include Dr. Gross's deposition in this request until July 22, 2020 (the date his deposition started but was not completed).

This extension is made in good faith and will not unreasonably delay the resolution of this action.

**4.    Pursuant to LR 26-4(d), the parties stipulate to the following proposed schedule for completing all remaining discovery:**

  1.   Extend the discovery cut-off deadline from 7/31/2020 to 10/16/2020;

  2.   Extend the date to file dispositive motions from 8/31/2020 to 11/16/2020; and

  3.   Extend the date to file the Joint Pre-Trial Order from 9/30/2020 to 12/16/2020. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's ruling on the motions.

5

4. Fed. R. Civ. P. 26(a)(3) Disclosures must be included in the Joint Pre-Trial Order.

| Dated: August 3, 2020. | Dated: August 3, 2020. |
|---|---|
| HALL JAFFE & CLAYTON, LLP | STUCKI INJURY LAW |
| By: */s/Ashlie L. Surur*<br>Steven T. Jaffe, Esq.<br>Nevada Bar No. 7035<br>Ashlie L. Surur, Esq.<br>Nevada Bar No.11290<br>425 Peak Drive<br>Las Vegas, Nevada 89128<br>*Attorney for Lowe's Home Centers, LLC* | By: */s/ Kyle A. Stucki*<br>Kyle A. Stucki, Esq.<br>Nevada Bar No. 12646<br>1980 Festival Plaza Dr., Ste. 300<br>Las Vegas, Nevada 89135<br>*Attorneys for Maurice Morehead & Sheryl Morehead* |

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 3, 2020