STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
sjaffe@lawhjc.com
ASHLIE L. SURUR, ESQ.
Nevada Bar No. 11290
asurur@lawhjc.com

HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorney for Defendant*
*Lowe's Home Centers, LLC*

**UNITED STAES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MAURICE MOREHEAD, AND SHERYL MOREHEAD,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, DOES I THROUGH 20; AND ROE BUSINESS ENTITIES 1-20, INCLUSIVE,<br><br>Defendants. | Case No.: 2:18-cv-01074-RFB-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br>**(7th Request)** |

Pursuant to Fed R. Civ. P. 6, Fed. R. Civ. P. 26, LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-4, the parties stipulate and agree that there is good cause to extend the discovery deadlines in the operative discovery plan [ECF No. 30], as set forth below.

1. **Pursuant to LR 26-4(a), the parties stipulate that the following discovery was completed:**

   - The parties served initial and supplemental disclosures pursuant to Rule 26(a)(1).
   - Lowe's Home Centers, LLC ("Lowes") responded to written discovery served by Plaintiffs.
   - Plaintiff Maurice Morehead responded to written discovery served by Lowes.
   - Lowes served about 66 subpoenas to obtain records from Mr. Morehead's prior and

current medical providers and his prior employers.

- Maurice Morehead underwent a Rule 35 examination with a neuropsychologist and a neurosurgeon.
- The parties designated initial and rebuttal experts.
- Plaintiffs completed the depositions of Charlotte Leslie, Stacie Ford, Michael White, Alnisha Grimes/Bloyer
- Lowes completed the depositions of Maurice Morehead, Sheryl Morehead, Dr. Gregory Douds, Dr. Craig T. Tingey, Dr. Daniel Kokmeyer, Dr. Stuart Kaplan, Dr. Eric Biesbroeck, M.D., Dr. Jeffrey Gross

**2. Pursuant to LR 26-4(b), the parties stipulate that they need to complete the following discovery:**

- Lowes needs to complete the following depositions:
    - Enrico Fazzini, D.O.
    - Avaraham Schweiger, Ph.D.
    - Shawn Lustig
- Additional discovery as needed if new information is revealed in these remaining depositions
- Any other discovery permitted by the Federal Rules of Civil Procedure, the stipulation of the parties, or the order of the court

**3. Pursuant to LR 26-4(c), the parties stipulate an extension is needed for the following reasons:**

This is a personal injury action in which Plaintiff Maurice Morehead is claiming over $400,000 in past medical specials and over $1.1 million in future medical expenses (present value). Mr. Morehead claims injuries to his hand, knee, cervical spine, lumbar spine, head, and brain. He has undergone surgeries on the hand, knee, and lumbar spine and claims permanent cognitive deficits. The parties have completed a substantial amount of discovery to date.

On August 3, 2020, the parties obtained an order extending discovery to complete

remaining, critical expert depositions. ECF No. 30. The extension was obtained because of the impact of the coronavirus pandemic on this discovery. The stipulation and order filed on August 3, 2020 outlines specific problems encountered for these experts. Unfortunately, and despite best efforts, the parties were unable to complete three depositions before October 16, 2020, for varying reasons stemming from the coronavirus outbreak. Lowe's was, however, able to complete the depositions of Dr. Biesbroeck and Dr. Gross. The issues encountered with completing the three outstanding depositions are summarized below.

Shawn Lustig is an EMT in Henderson, Nevada, but he lives in Washington state and travel to Nevada for work. After weeks of service attempts and calls with the Henderson City attorney, Lowe's was able to serve Mr. Lustig with a deposition subpoena within the discovery period. Mr. Lustig, however, was not available on the noticed date of October 16, 2020, and his deposition needed to be rescheduled.

Enrico Fazzini, D.O. (a neurologist) and Avaraham Schweiger, Ph.D. (a neuropsychologist) are in New York, New York. These treating physician experts have been disclosed as medical experts for Plaintiff's traumatic brain injury claim. Given the nature of scope of these witnesses' role, Lowe's preferred to take these depositions in person in New York. Lowe's initially briefly delayed obtaining new deposition dates as restrictions in certain places started to ease with the plan to schedule these depositions in person. But when it started to become more evident restrictions were being lifted at a slower pace or reimplemented, Lowe's agreed that Dr. Fazzini could be deposed by remote means. Dr. Fazzini, however, was originally not available until August 21, 2020. Dr. Fazzini then notified counsel that he was not available August 21 and provided dates in October. Lowe's intended to depose Dr. Fazzini in October, but an unexpected event precluded the deposition from going forward in October. On October 1, Lowe's counsel scheduled to depose Dr. Fazzini learned that a very close family member was diagnosed with a terminal illness and counsel unexpectedly had to travel back and forth between Las Vegas and California for most of the month of October.

Counsel needed to meet and confer to discuss realistic new deposition dates for these two experts, as well as to discuss the increasing coronavirus infection rates and logistics for

deposing the neuropsychological expert Dr. Schweiger by remote means. Indeed, there is a lot of up front work that needs to be done to obtain Dr. Schweiger's complete file, organize it, and prepare workable exhibit to his deposition for circulation in advance of any remote deposition. In additional to Lowe's counsel's unexpected event, Plaintiffs' counsel was moving from Utah to Washington. These two events delayed counsel's meet and confer conference to develop an agreed upon plan for completing these two critical, remaining expert depositions by remote means. Counsel were finally able to meet and confer on November 13, 2020. Counsel then prepared this stipulation.

This constitutes good cause to extend the discovery deadlines. Since the last extension, Lowe's completed the depositions of two Las Vegas based experts. Completing the New York based expert witnesses' depositions also became impossible due to the witnesses' very limited availability, the changing nature of restrictions in Nevada and New York, an unexpected terminal illness of a family member of Lowe's counsel, and Plaintiffs' counsel's move between states. The parties have exercised due diligence in completing expert depositions but now require more time to complete the deposition of two experts and one witness who was not available on his noticed deposition date of October 31, 2020.

The parties can also demonstrate excusable neglect for the timing of this submission. While aware of the need to extend discovery to complete three depositions, the parties delayed submitting this stipulation until counsel was available to have a meaningful meet and confer about realistic deposition dates and to work out logistical challenges in conducting a remote deposition of a neuropsychological expert. This meet and confer was not able to be held until November 13, 2020, because defense counsel's availability was limited while she was handling a family emergency and Plaintiffs' counsel's availability was limited while he was moving his family to a new state. The parties reasonably delayed in submitting this stipulation in part because they wanted to provide the court a realistic time frame for completion of these depositions and were unable to calculate new deadlines until they could meet and confer.

This extension is made in good faith and will not unreasonably delay the resolution of this action. The extension is also necessary to allow the parties to complete meaningful

4

discovery and, after this critical discovery is completed, to prepare dispositive motions that may narrow the issues for trial.

When proposing these new deadlines, the parties have taken into consideration their availability, witness availability, and intervening holidays that impact witness availability. This is also a civil action with e jury demand and the parties presently expect trial will last three weeks due to the number of witnesses and the current triable issues. The parties do not believe that the requested extension will impact bringing this matter to trial in a timely manner.

**4.    Pursuant to LR 26-4(d), the parties stipulate to the following proposed schedule for completing all remaining discovery:**

    1.    Extend the discovery cut-off deadline from 10/16/2020 to 1/29/2021;

    2.    Extend the date to file dispositive motions from 11/16/2020 to 2/26/2021; and

    3.    Extend the date to file the Joint Pre-Trial Order from 12/16/2020 to 3/26/2021. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's ruling on the motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

    4.    Fed. R. Civ. P. 26(a)(3) Disclosures and objections must be included in the Joint Pre-Trial Order.

| Dated: November 16, 2020. | Dated: November 16, 2020. |
|---|---|
| HALL JAFFE & CLAYTON, LLP | STUCKI INJURY LAW |
| By: */s/Ashlie L. Surur*<br>Steven T. Jaffe, Esq.<br>Nevada Bar No. 7035<br>Ashlie L. Surur, Esq.<br>Nevada Bar No.11290<br>425 Peak Drive<br>Las Vegas, Nevada 89128<br>*Attorney for Lowe's Home Centers, LLC* | By: *Kyle A. Stucki*<br>Kyle A. Stucki, Esq.<br>Nevada Bar No. 12646<br>1980 Festival Plaza Dr., Ste. 300<br>Las Vegas, Nevada 89135<br>*Attorneys for Maurice Morehead & Sheryl Morehead* |

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

DATED: November 17, 2020